UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTTSDALE INSURANCE COMPANY,

Plaintiff,

vs.

Case no: 8:15-cv-01129-SDM-EAJ

PHYSICIANS GROUP LLC,
PHYSICIANS GROUP OF SARASOTA LLC,
GARY KOMPOTHECRAS and
DAVID BALOT,

Defendants.
_________________________________________/

## ANSWER, DEFENSES AND COUNTERCLAIM

The Defendants, Physicians Group LLC (hereinafter referred to as ñPhysicians Groupò), Physicians Group of Sarasota LLC (hereinafter referred to as ñPhysicians Group Sarasotaò), Gary Kompothecras and David Balot, (collectively hereinafter referred to as ñDefendantsò), answer the Plaintiffôs Complaint and say as follows to the correspondingly numbered allegations:

## NATURE OF THIS ACTION

1. The Defendants admit the existence of a policy of insurance issued by the Plaintiff wherein the named insured is Physicians Group. The terms and conditions of the policy speak for themselves and are the best evidence thereof. Any allegations by the Plaintiff that contradict the express language of the policy are denied.

2. The Defendants were sued by State Farm; the merits of State Farmôs suit are disputed.

3. Admitted.

4. Denied; defense counsel provided was mutually agreed upon by the insureds and their carrier. Further, the ñcoverageò defenses raised by Plaintiff are limited to those coverage positions contained in the initial reservation of rights. The remaining allegations of this paragraph are denied.

5. While some payments were made by Scottsdale to Defendantsô counsel in the State Farm lawsuit, Scottsdale failed to completely honor the obligations under the agreement to provide a defense. The remaining allegations of this paragraph are denied.

6. The Defendants admit that the defense was rejected in February, 2015 because of Scottsdaleôs breach of the agreement to provide a defense. The remaining allegations of this paragraph are denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

**THE PARTIES**

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

## JURISDICTION AND VENUE

16. Admitted.

17. Admitted.

## FACTUAL ALLEGATIONS

The Policy, the Application, and Pertinent Exclusions and Provisions

18. These Defendants admit the existence of a policy of insurance provided by the Plaintiff. The terms and conditions of the policy speak for themselves and are the best evidence thereof. Denied insofar as a complete copy of the aforesaid policy being attached as Exhibit A.

19. These Defendants admit that the policy contained various rights and obligations between the insurer and the insureds. Those rights and obligations are subject to amendment wherein mutually agreed upon between the parties. All other allegations of paragraph 19 are denied.

20. The Defendants admit that an application was submitted for insurance coverage with the Plaintiff. The Defendants deny all other allegations of paragraph 20.

21. The terms of the application submitted by Physicians Group speak for themselves. Further, since the specific application question referenced is vague and ambiguous, its construction should be construed against Scottsdale. The remaining allegations of this paragraph are denied.

22. Denied.

23. Denied.

24. Denied.

25. The terms and conditions of the Plaintiffôs policy speak for themselves and are the best evidence thereof. Any implication that the State Farm lawsuit is a claim arising out of a wrongful act occurring before the policy term is denied. The remaining allegations of this paragraph are denied.

**Facts Relating to the Defense of the State Farm Lawsuit and Defendants' Rejection of That Defense**

26. These Defendants admit that State Farm filed a lawsuit. All other allegations of paragraph 26 are denied.

27. Admitted.

28. These Defendants admit receiving a letter from Scottsdale dated September 10, 2013. All other allegations of paragraph 28 are denied, to include the characterization of the Plaintiffôs coverage position.

29. The policy issued by the Plaintiff speaks for itself and is the best evidence thereof. These Defendants admit that Scottsdale agreed to mutually agreeable counsel relative to the defense of the State Farm lawsuit. Denied that the referenced letter from Scottsdale constitutes a valid reservation of right where no facts are set forth. Further, the letter of September 10, 2013, did not give Scottsdale the right to unilaterally change the terms under which the defense was offered. The remaining allegations of this paragraph are denied.

30. These Defendants admit that Scottsdale agreed to the appointment of mutually agreeable counsel relative to the State Farm lawsuit. All other allegations of paragraph 30 are denied.

31. Denied.

32. Denied except as to the rejection of the defense based upon Scottsdaleǒs change of the terms under which a defense was provided.

**Facts Relating to Coverage Issues**

33. Denied. Plaintiff alleges one phrase from a pleading that is taken out of context.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment-Defense Expenses After Insureds' Purported Rejection)**

38. These Defendants re-allege and adopt by reference the preceding responses to paragraphs 1 through 37.

39. Denied.

40. Denied.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment-Coverage Issues and Defenses)**

41. These Defendants re-allege and adopt by reference the preceding responses to paragraphs set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

**FIRST DEFENSE**

The Plaintiff is estopped to assert it has no obligation to fund defense expenses prior to February 12, 2015 since it agreed to do so.

**SECOND DEFENSE**

The Plaintiff is estopped to assert a unilateral change to the terms of the defense provided in the State Farm lawsuit.

**THIRD DEFENSE**

The Plaintiff has waived the right to see reimbursement of defense fees and costs incurred in the State Farm lawsuit.

**COUNTERCLAIM**

The Defendants/Counter Plaintiffs, Physicians Group LLC, Physicians Group of Sarasota LLC, Gary Kompothecras and David Balot, hereby sue the Plaintiff/Counter Defendant, Scottsdale Insurance Company, a foreign corporation (hereinafter referred to as ñScottsdaleò) and in support thereof would allege as follows:

**General Allegations**

1. This is action for damages that exceed the sum of Seventy Five Thousand Dollars ($75,000) exclusive of costs, interest and attorneys fees.

2. At all times material hereto, the Defendants/Counter Plaintiffs were residents of the Middle District.

3. At all times material hereto, Scottsdale was a foreign insurance company that was authorized to do and was actually conducting business in Sarasota County, Florida which is located within the jurisdiction of the United States District Court, Middle District of Florida.

4. At all times material hereto, Scottsdale conducted business and maintained agents for the purposed of providing insurance to persons and business entities in Sarasota County, Florida.

5. The Defendant/Counter Plaintiffs procured a policy of insurance with Scottsdale that provided coverage for the claims asserted by State Farm in the underlying lawsuit.

6. The aforementioned policy of insurance issued by Scottsdale provided coverage to the Defendant/Counter Plaintiffs for the claims made by State Farm.

7. The Defendants/Counter Plaintiffs have complied with all the terms and requirements of the insurance contract provided by Scottsdale including but not limited to complying with the terms and conditions of said policy so that they were qualified for defense and indemnification from Scottsdale in regards to the claims asserted by State Farm.

8. Scottsdale received timely notice of the aforementioned litigation.

**Count I**
**(Declaratory Judgment)**

9. The Defendants/Counter Plaintiffs re-allege and incorporate the allegations of paragraphs 1-8 above, as though fully set forth herein.

10. This is an action for declaratory relief pursuant to 28 U.S.C. §2201, to determine and declare the rights of the parties hereto under a policy of insurance issued by Plaintiff/Counter Defendant, Scottsdale, for the benefit of the Defendants/Counter-Plaintiffs, Physicians Group LLC, Physicians Group of Sarasota LLC, Gary Kompothecras and David Balot.

11. The matter in controversy is in excess of $75,000.00, exclusive of costs, interests and attorneyôs fees.

12. This is an action for declaratory judgment to allow this court to determine and declare the rights, obligations, and duties of the parties pursuant to the insurance policy issued by Scottsdale.

13. There is a controversy between the parties as to whether the Plaintiff/Counter Defendant, Scottsdale, changed the terms of the defense provided to the Defendant/Counter-Plaintiffs after mutually agreeing to provide defense counsel by asserting a right of recoupment that had previously not been requested under the terms under which a mutually agreeable defense was provided.

14. An actionable and justiciable controversy exists between the parties with respect to the coverages, rights, duties, and obligations under the insurance policy issued by Scottsdale.

15. The Defendants/Counter Plaintiffs have agreed to pay their undersigned counsel reasonable attorneyǒs fees, paralegal fees, expenses and costs for having to represent these Defendants/Counter Plaintiffs in this claim against their insurance company.

WHEREFORE, Defendants/Counter Plaintiffs demand a declaratory judgment on the issues stated herein and further demand damages for costs, pre-judgment interest, post-judgment interest, attorneyǒs fees, paralegal fees and all other damages pursuant to Florida Statutes 57.071, 57.104, and 627.428, and all other applicable laws or statutes giving arise to attorneyǒs fees and costs and such further relief deemed appropriate in the premises and ordered by this court.

**<u>Count II</u>**
**(Breach of Contract)**

16. The Defendants/Counter Plaintiffs re-allege and incorporate the allegations of paragraphs 1-8 above, as though fully set forth herein.

17. This is an action for breach of contract.

18. The matter in controversy is in excess of $75,000.00, exclusive of costs, interests and attorneyǒs fees.

19. Plaintiff/Counter Defendant, Scottsdale, has breached the aforementioned contract of insurance by changing the terms of the defense after mutually agreeing to provide defense counsel. Specifically, by email dated February 5, 2015, Scottsdale asserted a right of recoupment that had previously not been requested pursuant to the terms under which a mutually agreeable defense was provided.

20. As a result of the conduct wherein Scottsdale unilaterally and wrongfully attempted changed the terms under which a defense was provided, Scottsdale breached its policy of insurance with the Defendants/Counter Plaintiffs.

21. As a result, the Defendants/Counter Plaintiffs rejected the defense and took control of the litigation instituted by State Farm.

22. Thereafter, the Defendants/Counter Plaintiffs resolved the State Farm litigation for a confidential sum. To the extent necessary, the Settlement Agreement will be filed under seal.

23. The Defendants/Counter Plaintiffs have agreed to pay their undersigned counsel reasonable attorneys fees, paralegal fees, expenses and costs for having to represent these Defendants/Counter Plaintiffs in this claim against their insurance company.

WHEREFORE, the Defendants/Counter Plaintiffs demand judgment against the Plaintiff/Counter Defendant, Scottsdale Insurance Company, a foreign corporation, for damages including but not limited to compensatory damages, the settlement amount paid to State Farm, expenses, costs, pre-judgment interest, post-judgment interest, attorneyǿs fees, paralegal fees and all other damages pursuant to Florida Statutes 57.071, 57.104, and 627.428, and all other applicable laws or statutes giving arise to attorneyǿs fees and costs and such further relief deemed appropriate in the premises and ordered by this court.

**DEMAND FOR JURY TRIAL**

The Defendants/Counter Plaintiffs demand a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **10th day of August, 2015**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send a notice of electronic filings via the Courtôs ECF system to the following: **Gregg J. Breitbart, Esq.**, and **Matthew H. Ginder, Esq.,** (gbreitbart@kdvlaw.com and mginder@kdvlaw.com) Kaufman, Dolowich & Voluck, LLP, 2255 Glades Road, Suite 300E, Boca Raton, FL 33431. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None

s/Michael S. Rywant
Michael S. Rywant, Esquire
Florida Bar No.: 240354
*Rywant, Alvarez, Jones, Russo & Guyton, P.A.*
2440 S.W. 76th Street, Ste. 130
Gainesville, Florida 32608
(Tel) 352-333-3700
(Fax) 352-333-3706
Attorneys for Defendants/Counter Plaintiffs