UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SCOTTSDALE INSURANCE COMPANY,**

    **Plaintiff,**

v.                                                      **Case No.: 8:15-cv-1129-T-23AAS**

**PHYSICIANS GROUP, LLC,** *et al.***,**

    **Defendants.**
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel (Doc. 58). The Court has considered Plaintiff's Supplement to its Motion to Compel (Doc. 62) and Defendant's Response in Opposition to Plaintiff's Motion to Compel (Doc. 65). Accordingly, this matter is now ripe for judicial review.

### I.  BACKGROUND

On June 3, 2016, Plaintiff filed the instant Motion to Compel seeking an order compelling Defendants to supplement their previous responses to Plaintiff's discovery requests, prepare a privilege log related to the documents withheld in relation to privileges asserted by Defendants, produce documents responsive to requests objected to by Defendants, provide verified answers to Defendant David Balot's responses to Plaintiff's second set of interrogatories, provide Rule 26(a) initial disclosures, and requesting an award of attorneys' fees incurred in connection with the Motion. (Doc. 58).

Absent from Plaintiff's Motion to Compel was a Local Rule 3.01(g) Certificate of

Conferral with opposing counsel regarding the relief requested in the Motion.[1] Thus, on June 13, 2016, the Court directed the parties to properly confer regarding the Motion. (Doc. 61). After conferring, the parties were able to come to an agreement on all substantive issues, and Plaintiff filed a Supplemental Rule 3.01(g) Certification commemorating the terms of their agreement. (Doc. 62). However, Plaintiff is still seeking an award of attorneys' fees incurred in connection with its Motion to Compel (Doc. 58).

**II. ANALYSIS**

Due to the failure of Plaintiff's counsel to properly confer with opposing counsel prior to filing the Motion to Compel, an award of attorney's fees is not proper and should not be awarded. However, the Court also reminds Defendants' counsel of their duty to respond to all communications from Plaintiff's counsel as perhaps this motion practice could have been avoided had Defendants' counsel promptly responded to Plaintiffs' counsel's April 19th and May 28th letters.[2]

Requests for an award of attorney's fees are routinely denied in cases where the moving party fails to properly comply with Local Rule 3.01(g). *See Chambers v. Sygma Network, Inc.*, No. 6:12-CV-1802-ORL-37, 2013 WL 1775046, at *5 (M.D. Fla. 2013) (movant's fee claim under Rule 37(a)(5)(i) was denied due to failure to comply with Local Rule 3.01(g), despite motion to

---

[1] The Court notes that Plaintiff provided email correspondence with requests to respond by certain dates. (Doc. 58, Ex. G). However, this is not sufficient to satisfy Local Rule 3.01(g). It should also be noted that Defendants were not responsive to all of the correspondence. For example, it does not appear Defendants responded to Plaintiff's April 19th and May 28th letters.

[2] "Counsel must respond promptly to inquiries and communications from opposing counsel." Middle District Discovery (2015) at I.A.2.; *see also* Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice–Henry Latimer Center for Professionalism).

2

compel being granted); *Kaplan v. Kaplan,* No. 2:10-CV-237-FTM-36, 2011 WL 4061250, at *2 (M.D. Fla. 2011) (holding that failure to comply with Local Rule 3.01(g) is fatal to a motion and the request for fees is due to be denied); *see also Esrick v. Mitchell,* 5:08-CV-50-OC-10GRJ, 2008 WL 5111246, at *1 (M.D. Fla. 2008) (holding that "[f]ailure to comply with the good faith certification requirement of Rule 37(a)(1) and Local Rule 3.01(g) constitutes sufficient grounds to deny the relief sought by the noncompliant moving party).

### III.  CONCLUSION

As the issues raised in Plaintiff's Motion to Compel have been resolved, the Motion (Doc. 58) is **DENIED AS MOOT.**  For the reasons stated above, neither party is entitled to attorney's fees incurred in connection with the instant motion.

**DONE AND ORDERED** in Tampa, Florida on this 22nd day of June, 2016.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

3